IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID BRADEN and DALE BROWN,
individually and on behalf of all others
similarly situated                                                                                    PLAINTIFFS

v.                                       Case No. 4:15-cv-4114

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN                                                                 DEFENDANT

## ORDER

Before the Court is the Defendant's Unopposed Motion for Entry of Agreed Protective Order (ECF No. 30). To protect the confidentiality of materials which may contain confidential, proprietary, commercially sensitive, trade secret, or personal information of Foremost's insureds, the parties, by and through their respective counsel, have stipulated to the entry of the following protective order. The Court, after reviewing the terms of the protective order, finds that the parties' Motion should be **GRANTED**. The Protective Order is as follows:

1. Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation (including any appeal) and for no other purpose whatsoever, and can be disclosed only to Qualified Persons and only in accordance with the terms set forth herein.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "Attorneys' Eyes Only" by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information/documents as Classified Information, a party will make such designation(s)

only as to the information/documents that it in good faith believes contains or comprises confidential, proprietary, commercially sensitive or trade secret information, or personal health information. Nothing shall be designated as Attorneys' Eyes Only except information of the most sensitive nature.

3. For the avoidance of doubt, the protections afforded herein shall also apply to trade secret and confidential materials (including, but not limited to, documents, information, formulas and/or data in all forms) that may be produced by, or obtained from, non-parties to the above-captioned cause.

4. "Qualified Persons," as used herein means:

(a) Attorneys of record and in-house counsel for the parties in this litigation and employees or agents of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) Actual or potential independent technical experts or consultants, who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "Attorneys' Eyes Only" information to such persons, and who have signed a document agreeing to be bound by the terms of this protective order (such signed document to be served by the attorney retaining such person) on the other party(ies); provided, however, that this shall not require the disclosure of the identity of consulting experts whose mental impressions and opinions have not been reviewed by a testifying expert;

(c) The party or, in cases where the party is a legal entity, the party's employees who are bound by this order; and

(d) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

5. Classified Information marked "Confidential" shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Classified Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 4(a) and (b).

6. Before a person (other than the Qualified Persons described in paragraph 4(a) and (c)) shall receive any Classified Information, the person shall receive a copy of this Order and shall execute an Agreement in the form of Exhibit A hereto. Lead counsel for each party shall be responsible for obtaining the Agreements in the form of Exhibit A and shall retain the original written acknowledgement, and furnish a copy to the party designating the information as Classified Information within ten (10) business days upon request. In the case of consulting experts, lead counsel for the party utilizing the consulting expert(s) shall be responsible for obtaining the Agreement(s) in the form of Exhibit A and shall retain the original written acknowledgement, but shall not be required to furnish a copy to the party designating the information as Classified Information so as not to disclose the identity of such consulting expert(s).

7. Copies of "Attorneys' Eyes Only" information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiffs and Defendant, except that copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation. Lead counsel for each party will request, of any copy service, printer or illustrator he/she/it uses, that the copy service, printer or illustrator destroy all copies of any Classified Information upon completion of their services. Classified Information provided to Qualified Persons described in Paragraph 4(b) shall be maintained only at the office of such Qualified Persons and only working copies shall be made of any such documents. Each party's counsel shall maintain a log of all copies of "Attorneys' Eyes Only" documents which are delivered to any one or more Qualified Person described in Paragraph 4(b).

8. Documents produced in this action may be designated by any party or parties as "Confidential" or "Attorneys' Eyes Only" by marking each page (or, in the case of voluminous

documents, the cover page or first page) of the document(s) so designated with a stamp stating "Confidential" or "Attorneys' Eyes Only." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

9. Information disclosed at a deposition may be designated by any party as "Confidential" or "Attorneys' Eyes Only" information by indicating on the record at the deposition that the testimony is "Confidential" or "Attorneys' Eyes Only" and is subject to the provisions of this Order. Any party may also designate information disclosed at a deposition as "Confidential" or "Attorneys' Eyes Only" by notifying all counsel, in writing and within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Attorneys' Eyes Only" for a period of thirty (30) days after the receipt of the transcript.

10. To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "Attorneys' Eyes Only," with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "Attorneys' Eyes Only" information shall have page numbers that correspond to the blank pages in the main transcript. If segregating the transcript as described above is not feasible for the court reporter, the court reporter may instead include a designation of which pages and lines have been designated by the parties as "Confidential" and "Attorneys' Eyes Only."

11. A party who inadvertently discloses Classified Information (including documents) may,

within ten (10) days of the discovery of the inadvertent disclosure, give notice in writing to the party(ies) in possession of such Classified Information that it is designated as "Confidential" or "Attorneys' Eyes Only." After receiving such notice, the parties shall treat the Classified Information pursuant to the terms of this Order unless released of this duty by further order of the Court, and shall engage in reasonable efforts to secure the return of any such Classified Information from third parties to whom such Classified Information may have been provided by the party(ies) prior to receiving notice of the inadvertent disclosure.

12. Documents produced prior to entry of this Order may be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order. The transcripts and exhibits of the depositions of Michael Oei, Collin Cheesman, Hans Bloem and Michael Williams taken in the lawsuit styled as *William Keller, et al. v. FCOA, LLC, d/b/a/ Foremost Insurance Company*, Case No. 4:14-cv-04002-SOH, to the extent portions thereof were designated as Classified Information in that case, shall be deemed to be so designated in the instant action pursuant to this Order.

13. Documents to be inspected shall be treated as "Attorneys' Eyes Only" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "Attorneys' Eyes Only" by the producing party.

14. Nothing herein shall prevent disclosure beyond the terms of this Order if each designating party consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Classified Information, irrespective of which party

produced such information.

15. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or "Attorneys' Eyes Only," or the designation of any person as a Qualified Person, then the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, then the objecting party may invoke this Protective Order by objecting in writing to the designation of the document or information as "Confidential" or "Attorneys' Eyes Only" or to the designation of a person as a Qualified Person. The designating party shall then be required to move the Court for an order preserving the designation within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item or the qualified status of such person. The parties shall treat designated information/documents as "Confidential" or "Attorneys' Eyes Only" until such time as the Court can rule on the motion to preserve their designated status.

16. In the event a party wishes to use Classified Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Classified Information shall be filed under seal with the Court.

17. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as Classified Information by a party to this action.

18. Within sixty (60) days after the conclusion of this litigation and any appeal thereof, any Classified Information and all reproductions of Classified Information in the possession of the non-designating party shall be delivered to counsel for the designating party or destroyed (and certification of such destruction delivered by the non-designating party to counsel for the designating party) unless otherwise agreed in writing or otherwise ordered by the Court. This Order shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal.

19. This Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation, from conveying to his client his evaluation in a general way of "Confidential" or "Attorneys' Eyes Only" information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "Attorneys' Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

20. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

**IT IS SO ORDERED**, this 8th day of April, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge