IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID BRADEN and DALE BROWN,
individually and on behalf of all others
similarly situated                                                                              PLAINTIFFS

v.                                    Case No. 4:15-cv-4114

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN                                                                           DEFENDANT

**<u>ORDER</u>**

Before the Court is the parties' Agreed Motion Regarding Procedure to Issue Subpoenas. (ECF No. 51). The parties ask the Court to enter an order specifying the procedure to be followed by Plaintiffs in serving subpoenas on two of Defendant's vendors (one current and one former, collectively the "Vendors"). The Court finds the matter ripe for consideration.

On April 8, 2016, the Court entered two protective orders, one relating generally to confidential information and one specifically relating to claim files. (ECF Nos. 33-34). The second protective order provided that information related to sample claim files produced by Defendant in this matter shall be deemed "Confidential" and subject to the restrictions applicable to confidential information set forth in the first protective order.

At some point in this case's litigation, Defendant obtained data related to Arkansas claims from the Vendors. This information was produced to Plaintiffs and marked as "attorneys' eyes only." Plaintiffs now wish to subpoena from the Vendors additional electronic data that may exist relating to ninety-five randomly selected sample claim files that were previously produced by Defendants. In order to identify the requested materials, Plaintiffs will have to

provide the Vendors with a list of the pertinent claim numbers and, possibly, policy numbers. The claim numbers and policy numbers have previously been designated as "Confidential," implicating the Court's two protective orders. As a result, the parties seek an order from the Court specifying the means by which the information will be requested and the method by which it will be produced.

The Court finds that the list of claim numbers and, if listed, the policy numbers, constitute confidential information under the protective orders, but such information may be disclosed via subpoena to the Vendors in the following manner. The list of claim numbers and, if listed, the policy numbers, must be placed into a sealed envelope, attached to the subpoena, and marked "Confidential – Subject to Court Order." A copy of this Order shall be attached to the sealed envelope. The Vendors are to treat the claim numbers and, if listed, the policy numbers, as confidential, and Vendors are not to disclose the information to other non-parties by filing the information with the Court in unredacted form or otherwise.

With respect to Request No. 1 of each subpoena, the Vendors shall produce any responsive information to the court reporting firm designated in the subpoenas, with instructions that the material is confidential and subject to a protective order, and that it must be delivered directly to Plaintiffs' counsel (R. Martin Weber, Jr., Crowley Norman LLP, 3 Riverway, Ste. 1775, Houston, Texas 77055). With respect to Requests Nos. 2, 3, 4, and 5 of each subpoena, the Vendors shall produce any responsive information to the court reporting firm designated in the subpoenas, with instructions that the material is confidential and subject to a protective order, and that it must be delivered directly to Defendant's counsel (Stacy Allen, Jackson Walker LLP, 100 Congress Avenue, Suite 1100, Austin, Texas 78701).

Defendant's counsel shall review any information produced by the Vendors in response

to Requests Nos. 2, 3, 4, and 5 of each subpoena, produce to Plaintiffs' counsel any information not protected by privilege or work-product protection, and identify any materials withheld on a privilege log. No objections other than those of privilege may be asserted to the production. However, this Order will not preclude Defendant from designating materials that may be produced as confidential or attorneys' eyes only pursuant to the Court's two protective orders.

    **IT IS SO ORDERED**, this 17th day of January, 2017.

                                                  /s/ Susan O. Hickey  
                                                Hon. Susan O. Hickey  
                                                United States District Judge