IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID BRADEN and DALE BROWN,
individually and on behalf of all others
similarly situated                                                                                    PLAINTIFFS

v.                                              Case No. 4:15-cv-4114

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN                                                                  DEFENDANT

# ORDER

Before the Court is Defendant Foremost Insurance Company Grand Rapids, Michigan's Motion for Judgment on the Pleadings. (ECF No. 48). Plaintiffs David Braden and Dale Brown filed a response. (ECF No. 54). Defendant filed a reply. (ECF No. 64). The Court finds the matter ripe for consideration.

Plaintiffs assert that Defendant unlawfully depreciated labor in calculating their payment obligations under the parties' insurance contracts. In their Class Action Complaint, Plaintiffs allege that Arkansas law prohibits an insurance company from depreciating the cost of labor. Plaintiffs claim that, by depreciating this cost in initial "actual cash value" payments made to insureds, Defendant breached its contract with Plaintiffs.

On December 1, 2016, Plaintiffs filed a motion for class certification, seeking to certify a class of individuals defined as follows:

> All persons and entities that received "actual cash value" payments, directly or indirectly, from Foremost for loss or damage to a dwelling or other structure located in the State of Arkansas, such payments arising from events that occurred on or after November 21, 2008, where the cost of labor was depreciated.
>
> Excluded from the Class are: (1) all persons and entities that received payment from Foremost in the full amount of insurance shown on the declarations page;

(2) Foremost and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this action is assigned; (4) all persons who have a pending bankruptcy or whose claims were discharged in a bankruptcy proceeding; (5) all persons who executed a release of the claims set forth herein; and (6) Plaintiffs' counsel.

(ECF No. 43). Plaintiffs state that the putative class period is based on the applicable five-year statute of limitations under Arkansas law, and the fact that the five-year period was tolled under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974)[1] during the pendency of *Keller v. FCOA, LLC, d/b/a/ Foremost Insurance Co.*, No. 4:14-cv-4002-SOH, which was filed with this Court on November 21, 2013, and was dismissed with prejudice on January 8, 2016.

On February 16, 2017, Defendant filed the instant motion for judgment on the pleadings, moving the Court to limit Plaintiffs' putative class period to only include claims accruing on or after December 10, 2010, five years prior to when this lawsuit was filed.[2] Specifically, Defendant argues that all putative class claims accruing before that date fall outside of the applicable five-year limitations period, barring them under Arkansas law. Defendant argues further that *American Pipe* tolling cannot be applied in this context to save the time-barred claims.

Plaintiffs argue in response that *American Pipe* tolling applies to save the pre-December 10, 2010 claims. Plaintiffs also argue as a threshold matter that the Court need not reach the instant motion's merits because the relief sought is premature. Specifically, Plaintiffs argue that the putative class members are not presently parties to the case who are subject to being bound

---

[1] In *American Pipe*, "the Supreme Court held that an applicable statute of limitations is tolled during the pendency of a class action for putative class members who intervene after the denial of class certification—at least where certification is denied for failure to meet the numerosity requirement." *Great Plains Tr. Co. v. Union Pac. R. Co.*, 492 F.3d 986, 997 (8th Cir. 2007). *American Pipe* tolling was subsequently "extended to purported members of the class who later file individual suits rather than intervene." *Id.*

[2] Defendant's reply brief requests in the alternative that the Court consider the instant motion in conjunction with Defendant's response to Plaintiffs' motion for class certification, or that the Court "limit the class as requested under Federal Rule of Civil Procedure 56 in the event that a class is certified." (ECF No. 64).

by any judgment, and this issue would instead be properly raised after the class-certification stage.

A district court is required to rule on the issue of class certification "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1). "As a general rule, courts decide class certification motions before addressing dispositive motions." *Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 367 (D. Minn. 2013) (citing *Hyman v. First Union Corp.*, 982 F. Supp. 8, 11 (D.D.C. 1997)) (internal quotation marks omitted). This is because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013). "Accordingly, any ruling on the merits of a proposed class action that precedes class certification—whether in defendants' or plaintiffs' favor—has no binding effect on any unnamed class member." *Hartley*, 295 F.R.D. at 367; *see also Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) (stating that "a nonnamed class member is [not] a party to the class-action litigation *before the class is certified*") (emphasis in original).

Courts have recognized the right of defendants to seek a ruling on the merits of putative class claims prior to class certification. *See Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 896 (8th Cir. 2014); *Hartley*, 295 F.R.D. at 367. However, such a pre-certification ruling on the merits will bind only the named plaintiff, and will not bind any putative class member. *Hartley*, 295 F.R.D. at 368.

The instant motion for judgment on the pleadings argues that all putative class members whose claims arose prior to December 10, 2010 are time-barred due to the applicable statute of limitations. Thus, Defendant asks the Court to limit the putative class period to include only claims arising after that date. Plaintiffs argue that Defendant's requested relief is an

impermissible pre-certification limitation on putative class members, as it seeks dismissal of putative claims on unnamed members of an uncertified class. Defendant argues that it is not seeking a determination of any specific putative class member's claim, but rather is seeking to limit the rights of the named plaintiffs to represent putative class members with time-barred putative claims.

The Court agrees with Plaintiffs. Defendant's motion for judgment on the pleadings does not seek dismissal of any of Plaintiff Braden or Plaintiff Brown's claims. If the Court were to grant the relief Defendant seeks—limiting the class period—it would, in effect, require the Court to dismiss certain putative class claims. The pre-certification stage of litigation is not the proper time to address this issue. Instead, this matter is better raised following class certification, should a class be certified in this case.

For the reasons stated above, the Court finds that Defendant's motion (ECF No. 48) should be and hereby is **DENIED** as premature at this time. If the Court orders certification of a class in this case, Defendants may then renew their motion for judgment on the pleadings.

**IT IS SO ORDERED**, this 15th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge