IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID BRADEN and DALE BROWN,
individually and on behalf of all others
similarly situated                                                  PLAINTIFFS

v.                         Case No. 4:15-cv-4114

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN                                        DEFENDANT

## ORDER

Before the Court is Plaintiffs David Braden and Dale Brown's ("Plaintiffs") Agreed Motion for Preliminary Approval of Class Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives, and Appointment of Class Counsel. (ECF No. 108). Plaintiffs, on behalf of themselves and as Representative Plaintiffs on behalf of a proposed Settlement Class, and Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), all acting by and through their respective counsel, have agreed, subject to Court approval, to settle this litigation upon the terms and conditions stated in the Stipulation of Settlement filed with the Court (the "Stipulation"). (ECF No. 108-1). On May 16, 2018, the Court held a hearing regarding the motion. The Court finds the matter ripe for consideration.

Pursuant to Federal Rule of Civil Procedure 23(e), the Court must approve this class action settlement before it becomes effective. Review of a proposed class action settlement typically proceeds in two stages. "At the first stage, the parties submit the proposed settlement to the Court, which must make 'a preliminary fairness evaluation.'" *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) (quoting Fed. Judicial Ctr., *Manual for Complex Litigation, Fourth* ("MCL"), § 21.632). "If the proposed settlement is preliminarily acceptable, the Court then directs that notice

be provided to absent class members, in order to afford them an opportunity to be heard on, object to, and opt out of the settlement." *Id.* (citing Fed. R. Civ. P. 23(c)(3), (e)(1), (e)(5)).

When making a preliminary fairness evaluation, the "fair, reasonable, and adequate" standard imposed by Rule 23(e)(2) is lowered, and the Court's focus is on whether the settlement is "within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *Schoenbaum v. E.I. Dupont De Nemours and Co.*, No. 4:05-cv-1108-ERW, 2009 WL 4782082, at *3 (E.D. Mo. 2009). Although proposed settlements are presumptively reasonable at the preliminary-approval stage, the Court must nonetheless "consider issues such as whether the settlement carries the hallmarks of collusive negotiation or uninformed decision-making, is unduly favorable to class representatives or certain class members, or excessively compensates attorneys." *Id.* "Because there is typically no client with the motivation, knowledge, and resources to protect its own interests, the judge must adopt the role of a skeptical client and critically examine the class certification elements, the proposed settlement terms, and procedures for implementation." MCL at § 21.61.

**IT IS HEREBY ORDERED THAT**:

1. The Stipulation is incorporated by reference in this Order and all terms defined in the Stipulation will have the same meanings in this Order.

2. The Stipulation and Proposed Settlement are preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Proposed Settlement is hereby **GRANTED**, subject to further consideration at the Final Approval Hearing.

3. Contingent upon final approval of the Proposed Settlement and Plaintiffs complying with their obligations under the Stipulation, and pursuant to Federal Rule of Civil Procedure 23, Plaintiffs' motion for preliminary class certification is hereby **GRANTED**. The following Settlement Class is conditionally certified for settlement purposes only:

Persons who had a Covered Loss and who, during the Class Period, received a Qualifying ACV Payment.

Excluded from the Class are: (1) Persons that received payment in the full amount of insurance shown on the declarations page of the Homeowners Insurance Policy; (2) Foremost and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this Action is assigned; (4) Persons who have a pending bankruptcy or whose claims were discharged in a bankruptcy proceeding; (5) Persons who executed a release of the claims set forth herein; and (6) Plaintiffs' counsel.

"Covered Loss" means: (a) physical loss or damage to a dwelling or other structure located in the State of Arkansas, (b) for which a claim was made under a Homeowners Insurance Policy, (c) which claim was determined by Foremost to be covered under the terms and provisions of the Homeowners Insurance Policy, and (d) which resulted in one or more payment(s) by or on behalf of Foremost within the Class Period for said physical loss or damage.

"Class Period" means the period of time commencing on November 21, 2008 and ending upon and including December 31, 2013.

"Qualifying ACV Payment" means an actual cash value payment made by or on behalf of Foremost in connection with a Covered Loss where the estimated cost of labor necessary to repair or replace any physical loss or damage was depreciated and withheld from said payment, as same can be determined using the methodologies described in Paragraphs 50(a-d) of the Stipulation, which methodologies have been agreed upon following negotiation by the Parties and are for purposes of this Settlement only.

4.  David Braden and Dale Brown are preliminarily appointed as representatives of the Settlement Class ("Representative Plaintiffs"), and the Court preliminarily finds that the following attorneys for Plaintiffs satisfy the adequacy requirement of Federal Rule of Civil Procedure 23, and appoints such counsel as counsel for the Settlement Class ("Class Counsel"):

D. Matt Keil
John C. Goodson
KEIL & GOODSON P.A.
406 Walnut St.
Texarkana, AR 71854

A.F. "Tom" Thompson, III
Kenneth P. "Casey" Castleberry
MURPHY, THOMPSON, ARNOLD, SKINNER &
CASTLEBERRY
555 E. Main St., Suite 200

Batesville, AR 72501

R. Martin Weber, Jr.
Richard E. Norman
CROWLEY NORMAN LLP
Three Riverway, Suite 1775
Houston, TX 77056

Stevan E. Vowell
W.H. Taylor
TAYLOR LAW FIRM
303 E. Millsap Rd.
P.O. Box 8310
Fayetteville, AR 72703

5.  If final approval of the Proposed Settlement is not granted, this Order, including the above description of the Settlement Class and the preliminary appointment of the Representative Plaintiffs and Class Counsel, shall be automatically vacated. If the Stipulation is terminated or is disapproved in whole or in part by this Court, any appellate court or any other court of review, or if the agreement to settle is terminated as provided in Paragraph 71 of the Stipulation, the Stipulation and the fact that it was entered into shall not be offered, received or construed as an admission or as evidence for any purpose including, but not limited to, the "certifiability" of any litigation class, as discussed in Paragraph 73 of the Stipulation.

6.  Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, neither Plaintiffs nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against Foremost that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Action or the Stipulation. Accordingly, the Court hereby preliminarily enjoins Plaintiffs and any Class Member who has not opted out from bringing a new class action or attempting to amend an existing action to assert any class claims that would be released pursuant to the Stipulation.

7. The parties have prepared the Class Notice, Claim Form, and Publication Notice, which have been submitted to the Court as **Exhibits 2, 3, and 4** to the Stipulation, respectively. (ECF No. 108-1). As set forth herein, the Court has reviewed and approved these forms. The Class Notice is approved as to form and content by the Court and shall be in the form attached to the Stipulation as **Exhibit 2**, without substantive alteration. The mailing to the Class Members that contains the Class Notice will also include a copy of the Claim Form, in the form attached to the Stipulation and approved as **Exhibit 3**, without substantive alteration. Any substantive revision(s) to the Class Notice or Claim Form agreed to by the parties must be approved by the Court prior to mailing. The parties will informally inquire of the Court if there is a question as to whether a revision is substantive.

8. Rust Consulting, Inc. (the "Administrator") is preliminarily appointed as third-party administrator.

9. As soon as practicable after the entry of this Order, but in any event no more than thirty (30) days after entry of this Order, Foremost shall make a reasonable search of its records to ascertain the name and last known address of each insured who had a Covered Loss, and provide that information to the Administrator.

10. Prior to mailing the Class Notice, the Administrator shall search the National Change of Address database in an attempt to obtain the most current name and/or address for each insured. Upon completion of this updating effort, the Administrator shall send a copy of the Class Notice (**Exhibit 2**) and a Claim Form (**Exhibit 3**) by first-class U.S. mail to each Person identified by Foremost as described in Paragraph 9 (the "Individual Notice(s)"), and shall use its best efforts to complete the mailing not less than sixty (60) days prior to the Final Approval Hearing.

11. If any Individual Notice is returned to the Administrator as undeliverable, the Administrator will promptly log each returned Individual Notice and provide copies of the log to

Foremost and Class Counsel as requested. If the Individual Notice is returned to the Administrator with a forwarding address, the Administrator will forward the Individual Notice to that address by first-class mail. In the event that no forwarding address is provided, or in the event that the Individual Notice is returned as undeliverable despite mailing it to the forwarding address, then no further mailing shall be required.

12. The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best practicable notice under the circumstances and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts to do so shall be required. Upon request, Foremost and the Administrator shall provide Class Counsel such reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

13. In addition to mailing the Individual Notices, the Administrator shall, by no later than sixty (60) days prior to the Final Approval Hearing:

    (i) set up and maintain an automated toll-free telephone number which provides pre-recorded answers to frequently-asked questions, and shall maintain its operation until sixty (60) days after the Claim Payment Deadline;

    (ii) cause to be published a notice ("Publication Notice") of the Settlement in the Arkansas Democrat-Gazette. The Publication Notice shall be published once a week for four (4) consecutive weeks, beginning the week the Class Notice is mailed, in a form substantially similar to that attached hereto as **Exhibit 4**, which is hereby approved by the Court as to format and substance;

    (iii) establish a website ("Settlement Website") that sets forth the applicable deadlines, the telephone number and mailing address for the Administrator, the toll-free telephone number established pursuant to Paragraph 13(i) and that contains printable PDF copies of the live petition and answer in the Action, this Stipulation, the Preliminary Approval Order, the Class Notice, and the Claim Form; and

    (iv) in response to a written request by a Person who is or may be a Class Member, mail a copy of the Class Notice and/or Claim Form to such Person.

14. Any substantive revision(s) to the Publication Notice agreed to by the parties must be approved by the Court prior to publication. The parties may informally inquire of the Court if there is a question as to whether a revision is substantive.

15. Prior to the Final Approval Hearing, Class Counsel and/or Foremost shall file with the Court a declaration confirming compliance with the foregoing notice plan.

16. Class Members will be provided an opportunity to submit Claim Forms in the form attached to the Stipulation as Exhibit 3, requesting payment in accordance with the terms of the Stipulation.

17. To be considered valid and timely, a Claim Form must be signed by or on behalf of a Class Member, as provided in the Stipulation, materially complete and otherwise compliant with the terms of the Stipulation, and mailed to the address of the Administrator as specified in the Individual Notice and postmarked by the Claim Submission Deadline, which shall be forty-five (45) days after the Final Approval Hearing.

18. Foremost will pay the costs associated with the Class Notice Efforts described in the preceding paragraphs. Foremost will pay the costs associated with the services of the Administrator to undertake any duties reasonably required to assist in the management of this Proposed Settlement, without waiver of Foremost's right to dispute said costs.

19. The Court preliminarily finds that the dissemination of the Class Notice under the terms and in the format provided for in this Order, together with the establishment of an automated toll-free telephone number and website, and publication of the Publication Notice as set forth above, constitutes the best notice practicable under the circumstances, is reasonably calculated to apprise Class Members of the pendency of the Action and of their right to object or opt-out of the Proposed Settlement; is due, adequate, and sufficient notice for all purposes to all Persons entitled to such notice, and fully satisfies the requirements of the Federal Rules of Civil Procedure, the

requirements of due process under the Arkansas and United States Constitutions, and the requirements of any other applicable rules or law.

20. The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement at 9:00 a.m., October 5, 2018, at the United States Courthouse, Texarkana, Arkansas, which date shall be set forth in the Class Notice. During the Final Approval Hearing, the Court will consider and determine: whether the Proposed Settlement described in the Stipulation, including the proposed award of attorneys' fees, costs, and expenses to Class Counsel, and an enhancement award to each of the Representative Plaintiffs, should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Judgment approving the Proposed Settlement and dismissing this Action on the merits, with prejudice, and without leave to amend. Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to the members of the Settlement Class.

21. Class Members who wish to exclude themselves from the Settlement Class must submit written requests for exclusion. To be effective, such a request must include: (a) the Class Member's name, address, and telephone number; (b) the policy number, claim number, date of loss and property address (if known); (c) a clear and unequivocal statement that the Person wishes to be excluded from the Settlement Class; and (d) the signature of the Class Member or, in the case of a Class Member who is deceased or incapacitated only, the signature of the Class Member's Legally Authorized Representative. The request must be mailed to the Administrator at the address provided in the Class Notice and must be postmarked no later than thirty (30) days prior to the Final Approval Hearing. The Administrator shall promptly log each request for exclusion that it receives and provide copies of the log and all such requests for exclusion to Foremost and Class Counsel as requested. The Court, in its discretion, may allow requests for exclusion not made in

full, technical compliance with the Stipulation, upon a showing of good cause for failure to comply, but in no event will a request for exclusion be considered if filed after the Final Approval Hearing.

22. Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Class Notice and the Stipulation shall be excluded from the Settlement Class. Such persons shall have no rights under the Proposed Settlement, shall not share in any distribution of funds under the Proposed Settlement, and shall not be bound by the Proposed Settlement or by any Final Judgment approving the Proposed Settlement.

23. All Class Members who do not request exclusion in the manner set forth in the Class Notice and the Stipulation shall be bound by any Final Judgment entered pursuant to the Stipulation, and shall be barred and enjoined, now and in the future, from asserting any of the Released Claims against any Released Persons, as defined in the Stipulation. Upon entry of a Final Judgment approving the Proposed Settlement, all members of the Settlement Class shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

24. Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Class Members who choose to object to the Proposed Settlement must file written notices of intent to object. Any Class Member may appear at the Final Approval Hearing, in person or by counsel, and may be heard to the extent allowed by the Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the Proposed Settlement, and on the application for an award of attorneys' fees, expenses, costs and the incentive awards. The right to object to the Proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased, minor, or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

25. To be effective, the written notice of intent to object to the Proposed Settlement should:

    (a)    Contain a heading which includes the name of the case and case number;

    (b)    Provide the name, address, telephone number and signature of the Class Member (or the Class Member's Legally Authorized Representative) filing the objection;

    (c)    Indicate the specific reason(s) why the Class Member objects to the Proposed Settlement;

    (d)    Be filed with the Clerk of the Court not later than thirty (30) days prior to the Final Approval Hearing;

    (e)    Be sent to the Administrator by first-class mail, and postmarked no later than thirty (30) days prior to the Final Approval Hearing;

    (f)    Contain the name, address, bar number and telephone number of the objecting Class Member's counsel, if represented by an attorney; and

    (g)    State whether the objecting Class Member ("Objector") intends to appear at the Final Approval Hearing, either in person or through counsel.

In addition, a notice of intent to object must contain the following information, if the objecting Class Member or his/her or its attorney requests permission to speak at the Final Approval Hearing:

    (a)    A detailed statement of the specific legal and factual basis for each and every objection, along with citation to any legal authorities relied on;

    (b)    A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, with the address of each witness and a summary of his or her proposed testimony;

    (c)    A detailed description of any and all evidence the objecting Class Member and/or the objecting Class member's attorney may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the objecting Class member and/or the objecting Class member's attorney may introduce at the Final Approval Hearing; and

    (d)    Documentary proof of membership in the Settlement Class.

26. Any Class Member who does not file a timely notice of intent to object in accordance with the preceding paragraphs may waive the right to object or to be heard at the Final

Approval Hearing and may be barred from making any objection to the Proposed Settlement. However, the Court retains discretion to allow objections to be made absent full, technical compliance with the Stipulation, upon a showing of good cause for failure to comply.

27. The Administrator shall provide Foremost and Class Counsel a copy of each notice of intent to object received by the Administrator upon receipt, and no later than fourteen (14) days before the Final Approval Hearing. Nothing herein shall preclude Foremost or Representative Plaintiffs from introducing evidence at the Final Approval Hearing that would tend to show that a Person who objects is not a Class Member.

28. No later than seven days prior to the Final Approval Hearing, Class Counsel shall file with the Court a motion seeking the Court's final approval of the Proposed Settlement and Stipulation and entry of the final judgment in the form and content attached to the Stipulation as Exhibit 5. Foremost, in its sole discretion, may also file a brief in support of final approval of the Proposed Settlement.

29. No later than five days prior to the Final Approval Hearing, Foremost shall file with the Court an affidavit from the Administrator confirming dissemination of the Individual notice and posting of the Publication Notice in accordance with the terms of this Order. This affidavit shall also inform the Court of the number of Class members who have excluded themselves (opted-out) from the settlement, the number of returned Individual Notices—both first and second mailings—and the number of objecting Class Members.

30. The Stipulation and Proposed Settlement are hereby preliminarily approved as fair, reasonable, adequate, and in the best interests of the Class Members. The Parties and the Administrator are directed to implement the terms of the Proposed Settlement in accordance with the Stipulation.

31. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

32. Except for proceedings in furtherance of the Proposed Settlement, this Action is stayed pending further order of the Court.

**IT IS SO ORDERED**, this 21st day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge