IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID BRADEN and DALE BROWN,
individually and on behalf of all others
similarly situated                                                                    PLAINTIFFS

v.                                       Case No. 4:15-cv-4114

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN                                                                 DEFENDANT

# FINAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives and Appointment of Class Counsel and Entry of Final Order and Judgment ("Motion for Final Approval"). (ECF No. 115). Also before the Court is Class Counsel's Motion for Attorneys' Fees and Costs Related to the Stipulation of Settlement and Request for Fee Award to Class Representatives ("Class Counsel's Application for Fees"). (ECF No. 117). Plaintiffs and Defendant have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Amended Stipulation of Settlement filed with the Court on April 30, 2018. (ECF No. 108-1). On October 5, 2018, the Court held a final approval hearing on the motions. The Court finds the matter ripe for consideration.

## I. FINDINGS OF FACT

1.      Plaintiffs David Braden and Dale Brown filed the instant case on December 10, 2015, styled *David Braden and Dale Brown v. Foremost Insurance Company Grand Rapids, Michigan* and assigned Case No. 4:15-cv-04114-SOH (the "Complaint"), alleging that Defendant Foremost Insurance Company Grand Rapids, Michigan ("Foremost") improperly deducted

depreciation attributable to costs of labor from actual cash value payments when adjusting claims for structural losses under homeowners insurance policies.

2. Foremost denies all material allegations in the Action, as to which Foremost asserts numerous defenses, and as to which Foremost maintains that the requirements of a litigation class action have not been met.

3. Substantial discovery has been undertaken by the Parties. The Parties have briefed Plaintiffs' motion to certify a class and are awaiting a decision by the Court.

4. After litigation between the Parties and arms-length negotiations between Class Counsel and Foremost's counsel, the Parties reached a settlement that provides substantial benefits to the Class Members, in return for a release and dismissal of claims against Foremost. The Settlement was reached after the Parties had engaged in extensive and lengthy negotiations, including mediation before John Greer and further negotiations following the mediation. Class Counsel was therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

5. Plaintiffs and Foremost executed the Stipulation of Settlement and exhibits thereto (collectively, the "Stipulation") on April 27, 2018.

6. The Stipulation is hereby incorporated by reference in this Final Order and Judgment, and the definitions and terms set forth in the Stipulation are hereby adopted and incorporated into and will have the same meanings in this Final Order and Judgment.

7. On April 30, 2018, Plaintiffs filed with the Court the Stipulation along with a Motion for Preliminary Approval of the Proposed Settlement.

8. On May 16, 2018, the Court held a hearing to consider preliminary approval of the Proposed Settlement.

9. On May 16, 2018, the Court entered its Order Preliminarily Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, preliminarily certifying the Class as a class action for settlement purposes only, and scheduling a hearing for October 5, 2018 at 9:00 a.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation ("Final Approval Hearing").

10. As part of its Preliminary Approval Order, the Court certified for settlement purposes a class ("Settlement Class") defined as follows:

> Persons who had a Covered Loss and who, during the Class Period, received a Qualifying ACV Payment.
>
> Excluded from the Class are: (1) Persons that received payment in the full amount of insurance shown on the declarations page of the Homeowners Insurance Policy; (2) Foremost and its affiliates, officers, and directors; (3) members of the judiciary and their staff to whom this Action is assigned; (4) Persons who have a pending bankruptcy or whose claims were discharged in a bankruptcy proceeding; (5) Persons who executed a release of the claims set forth herein; and (6) Plaintiffs' counsel.
>
> "Covered Loss" means (a) physical loss or damage to a dwelling or other structure located in the State of Arkansas, (b) for which a claim was made under a Homeowners Insurance Policy, (c) which claim was determined by Foremost to be covered under the terms and provisions of the Homeowners Insurance Policy, and (d) which resulted in one or more payment(s) by or on behalf of Foremost within the Class Period for said physical loss or damage.
>
> "Class Period" means the period of time commencing on November 21, 2008 and ending upon and including December 31, 2013.
>
> "Qualifying ACV Payment" means an actual cash value payment made by or on behalf of Foremost in connection with a Covered Loss where the estimated cost of labor necessary to repair or replace any physical loss or damage was depreciated and withheld from said payment, as same can be determined using the methodologies described in Paragraphs 50(a-d) of the Stipulation, which

3

methodologies have been agreed upon following negotiation by the Parties and are for purposes of this Settlement only.

11. On September 28, 2018, Plaintiffs applied to the Court for Final Approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment. In support, Plaintiffs submitted, *inter alia*, evidence showing: the dissemination and adequacy of the Class Notice and Claim Form; the publication of the Publication Notice; the establishment of an automated toll-free telephone number and settlement website; the names of potential Class Members who, per the terms of the Stipulation, submitted a timely and proper request for exclusion from the Class; the negotiation of the Stipulation; the fairness, reasonableness, and adequacy of the Stipulation; and the fairness, reasonableness, and adequacy of Class Counsel's Application for Fees. In Support of the Motion for Final Approval, Plaintiffs submitted a Brief in Support, setting forth extensive argument and authority along with various exhibits attached thereto. Class Counsel's Application for Fees also contained both extensive argument and authority, with various exhibits attached thereto.

12. Plaintiffs offered at the Final Approval Hearing the following evidence in support of their Motion for Final Approval and Class Counsel's Application for Fees:

| Ex. # | DESCRIPTION |
| --- | --- |
| 1 | MOTION FOR SETTLEMENT (ECF NO. 108) AND EXHIBIT 1 THERETO (STIPULATION OF SETTLEMENT) |
| 2 | MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR SETTLEMENT (ECF NO. 109) |
| 3 | BRADEN DECLARATION (ECF NO. 109-1) |
| 4 | BROWN DECLARATION (ECF NO. 109-2) |
| 5 | WEBER DECLARATION (ECF NO. 109-3) |
| 6 | ORDER GRANTING PRELIMINARY APPROVAL (ECF NO. 113) |
| 7 | WEBER DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL (ECF NO. 115-1) |
| 8 | SCHMIDT DECLARATION IN SUPPORT OF MOTION FOR FINAL APPROVAL (ECF NO. 115-2) |

13. The Court admitted Plaintiffs' Exhibits 1 - 8 into evidence for all purposes.

14. Plaintiffs and the Administrator have satisfactorily demonstrated that the Class Notice and Claim Form were mailed, the Publication Notice was published, and an automated toll-free telephone number and settlement website were established in accordance with the Stipulation and Preliminary Approval Order.

15. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Foremost has fully complied with the notice requirements under that Act.

16. The Settlement provides substantial monetary benefits to Class Members who timely submit completed Claim Forms. In addition, Foremost has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Stipulation is uniform and fair, and provides Class Members with an extended and ample opportunity to receive settlement payments as described in the Stipulation.

17. All potential Class Members were provided an opportunity to request exclusion as provided in the Stipulation. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Class are preserved and that no Class Member was precluded from being excluded from the Class if he or she so desired. Those Class Members who timely and properly excluded themselves from the Class are identified in the attached Exhibit 1.

18. No objections to the Settlement were filed.

19. Class Members who did not timely file and serve a written objection to the Stipulation, to the entry of this Final Order and Judgment, or to Class Counsel's Application for Fees, in accordance with the procedure set forth in the Stipulation and mandated in the Preliminary Approval Order, are deemed to have waived any such objection though any appeal, collateral attack, or otherwise.

20. At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification for settlement purposes only was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness and the adequacy of the Stipulation; and (c) the fairness and reasonableness of Class Counsel's Application for Fees under applicable law. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Foremost's Counsel, but also rigorously and independently evaluated the Stipulation and Class Counsel's Application for Fees on behalf of Class Members, and as such, the Court considered any argument that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Fees, even if such argument was not actually presented to the Court by pleading or oral argument.

21. On the basis of the matters presented in this Lawsuit and the provisions of the Stipulation, the Court is of the opinion that the Proposed Settlement is a fair, reasonable and adequate compromise of the claims against Foremost, pursuant to Rule 23 of the Federal Rules of Civil Procedure. In considering a number of factors, the Court finds that:

(a) The liability issues in this Lawsuit and the suitability of this Lawsuit for certification of a litigation class have been vigorously contested, particularly in respect to litigation manageability requirements;

(b) This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

(c) The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel and Foremost; and

(d) Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following:

## II. CONCLUSIONS OF LAW

1.      The Court has personal jurisdiction over the Plaintiffs, Foremost, and Class Members; venue is proper; and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Stipulation, to grant final certification of the Class, to settle and release all claims arising out of Lawsuit, and to enter this Final Order and Judgment and dismiss this Lawsuit on the merits and with prejudice.

2.      The Court concludes that, for settlement purposes only, the Settlement Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action. In connection with the class certification ruling, the Court specifically finds as follows: the Class Members are ascertainable and too numerous to be joined and questions of law and fact are common to all Class Members, as required by Rule 23(a)(1) and (2). Moreover, the common questions of law and fact predominate over any questions affecting only individual members, and a class action is the superior method to fairly and efficiently adjudicate the controversy, as required by Rule 23(b)(3). The Representative Plaintiffs' claims are typical of those of the Settlement Class, as required by Rule 23(a)(3). The Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

3.      Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form were mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with

the Publication Notice, the automated toll-free telephone number, and the settlement website: (i) constituted, under the circumstances, the most effective and best practicable notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the Arkansas and United States Constitutions, and the requirements of any other applicable rules or law. Class Members were given notice of the Final Approval Hearing and an opportunity to be heard in response to the Proposed Settlement.

4. The Final Approval Hearing and evidence before the Court clearly support a finding that the Stipulation was entered into in good faith after arm's length negotiations between the Plaintiffs and Foremost, with no collusion, fraud, or reverse auction of any kind, and the Court does hereby so find.

5. The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the terms of the Stipulation are fair, reasonable, and adequate as to, and in the best interests of, members of the Settlement Class based on discovery, due diligence, and the absence of material objects sufficient to deny approval.

6. The settlement of the Lawsuit on the terms, conditions, and limitations set forth in the Stipulation is approved and confirmed in all respects as fair, reasonable, and adequate and in the best interests of the Settlement Class, especially in light of the benefits made available to the Settlement Class and the costs and risks associated with the continued prosecution, trial, and possible appeal of this complex litigation.

7. A review of the following factors supports a finding that the Settlement is fair reasonable and adequate:

    (a)    The strength of the case for the Plaintiffs on the merits, balanced against the amount offered in the Settlement

    (b)    The Defendant's overall financial condition and ability to pay;

    (c)    The complexity, length, and expense of further litigation; and

    (d)    The amount of opposition to the Settlement.

*Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975)).

8. Although the notice campaign was highly successful and resulted in notice being mailed to 5,399 potential Class Members, only three Persons excluded themselves from the Settlement Class and no Class Members filed objections to the Stipulation. The relative lack of exclusion requests and opposition by a well-noticed Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

9. The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that were filed or that could have been raised by any Class Member, and the Court overrules all objections and finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Van Horn* factors.

10. The claim process as set forth in the Stipulation is fair, reasonable, and adequate to Class Members. Any Class Member who did not timely request exclusion from the Class in accordance with the Stipulation is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

1. Class Counsel's request for $850,000.00 in attorneys' fees and expenses and the Representative Plaintiffs' service award of $10,000.00 each, to be paid by Foremost, are fair, reasonable, and adequate, based on a review of the following factors:

   a. The time and labor required;

   b. The novelty and difficulty of the questions;

   c. The skill requisite to perform the legal service properly;

   d. The preclusion of other employment by the attorney due to acceptance of the case;

   e. The customary fee for similar work in the community;

   f. Whether the fee is fixed or contingent;

   g. Time limitations imposed by the client or the circumstances;

   h. The amount involved and the results obtained;

   i. The experience, reputation, and ability of the attorneys;

   j. The undesirability of the case;

   k. The nature and length of the professional relationship with the client; and

   l. Awards in similar cases.

*See In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 993 (D. Minn. 2005) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974)); *see also Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990) (utilizing a similar multi-factor test in considering whether to award attorneys' fees).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. The objections to the Stipulation, if any, are hereby overruled.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

3. Timely requests for exclusion were submitted by three potential members of the Settlement Class and those potential Class Members, (identified in Exhibit 1 hereto), are excluded from the Settlement Class. All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the Stipulation, including the releases provided for in Paragraphs 79–80 of the Stipulation and this Final Order and Judgment.

4. Plaintiffs' Motion for Final Approval (ECF No. 115) is hereby **GRANTED** and all provisions and terms of the Stipulation are hereby finally approved in all respects. The Parties to the Stipulation are hereby directed to comply with and consummate the Stipulation in accordance with its terms, as may be modified by subsequent orders of this Court.

5. This Final Order and Judgment shall be immediately entered as to all claims in the Lawsuit between the Representative Plaintiffs and Class Members and Foremost, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the Stipulation, fully and finally terminating all claims of the Representative Plaintiffs and the Class in this Lawsuit against Foremost and as to Released Persons, on the merits and with prejudice without leave to amend. The Court expressly determines that there is no just reason for delay in entering the Final Order and Judgment.

6. Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiffs David Braden and Dale Brown are appointed as the Representative Plaintiffs for the Class, and the following counsel are appointed as counsel for the Class:

> D. Matt Keil
> John C. Goodson
> KEIL & GOODSON P.A.
> 406 Walnut Street
> Texarkana, AR 71854

A.F. "Tom" Thompson, III
Kenneth P. "Casey" Castleberry
MURPHY, THOMPSON, ARNOLD, SKINNER &
CASTLEBERRY
555 East Main Street, Suite 200
Batesville, AR 72503

R. Martin Weber, Jr.
Richard E. Norman
CROWLEY NORMAN LLP
Three Riverway, Suite 1775
Houston, TX 77056

Stevan E. Vowell
W.H. Taylor
TAYLOR LAW FIRM
303 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703

7. Upon the entry of this Final Judgment, the Representative Plaintiffs, all Class Members who did not timely and properly exclude themselves from the Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Order and Judgment and shall be conclusively deemed to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the Stipulation, and shall be conclusively bound by this Final Order and Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Representative Plaintiffs and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material

part of the Stipulation. The Stipulation shall be the exclusive remedy for all Class Members with regards to Released Claims.

8. Although the definitions in the Stipulation are incorporated in and are part of this Final Order and Judgment, the following definitions from the Stipulation are repeated for ease of reference:

(a) "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, demands for money, or suits of whatever kind or nature (including but not limited to suits for breach of contract, statutory or common-law bad faith, unfair claims settlement practices, unjust enrichment, fraud, constructive fraud, deceptive trade practices, unfair practices, declaratory judgment and injunction) against Released Persons, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages) arising from or in any way relating to depreciation of the estimated cost of labor necessary to repair or replace any physical loss or damage which was the subject of a Covered Loss (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of said estimated cost of labor in the adjustment and/or payment of any Covered Loss), which have been alleged or which could have been alleged by Plaintiffs in the Action, on behalf of themselves and/or on behalf of the Settlement Class, to the full extent of res judicata protections but only as related to depreciation of labor, and whether arising under or based on contract, extra-contractual or tort theories, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation. "Released Claims," as to Braden and Brown only, shall have the same meaning except that Braden's and Brown's release is not limited to those claims which arise from or are related to the depreciation of the estimated cost of labor necessary to repair or replace any physical loss or damage.

(b) "Released Persons" means Foremost and its parents, subsidiaries, affiliates, successors and predecessors in interest, its assigns, acquirers, divisions, representatives, heirs, officers, directors, shareholders, agents, managing agents, employees, attorneys, auditors, accountants, underwriters, advisers, insurers, co-insurers, re-insurers, legal representatives and/or consultants.

(c) "Unknown Claim" means any claim arising out of newly-discovered facts and/or facts not now known but which could reasonably be discovered, and/or found hereafter to be other than or different from the facts now believed to be true. The Released Claims include all Unknown Claims.

9. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Order and Judgment, the Court permanently and forever bars and enjoins the Representative Plaintiffs and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

10. This Final Order and Judgment, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, or other document or action related in any way to the Stipulation shall not be: (a) construed as an admission or concession by Foremost of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of Foremost; (b) offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Foremost or that this Lawsuit may be properly maintained as a litigation or arbitration class action; (c) offered into evidence in the Lawsuit or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against Foremost; or (d) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class action against Foremost.

11. This Final Order and Judgment and the Stipulation may be filed in any other action against or by any Released Person in order to support any argument, defense, or counterclaim, including but not limited to those based on principles of res judicata, collateral estoppel, release,

good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

12. Proprietary Information of Foremost shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and any other attorneys for Plaintiffs in this Lawsuit shall destroy or return to Foremost's Counsel all Proprietary Information, in their possession, custody, or control as set forth in the Stipulation.

13. Class Counsel's Application for Fees (ECF No. 117) is hereby **GRANTED**. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court jointly awards Class Counsel the total sum of $850,000.00 in attorneys' fees and costs. In addition, the Court awards the Representative Plaintiffs a service award of $10,000.00 each. The Court hereby finds that these amounts are fair and reasonable. Foremost shall pay such fees to Class Counsel and the service award to the Representative Plaintiffs pursuant to the terms of the Stipulation. Foremost shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

14. Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, and in the manner described in the Stipulation.

15. The Court appoints B.J. Joplin, Gibson & Associates, as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Stipulation. The Representative Plaintiffs, Class Counsel, Foremost, and/or Foremost's Counsel shall not be liable for any act or omission of the Neutral Evaluator.

16. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

17. The Lawsuit is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

18. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Lawsuit for purposes of:

    (a)    Enforcing the Stipulation and the Proposed Settlement;

    (b)    Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

    (c)    Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**, this 9th day of October, 2018.

    /s/ Susan O. Hickey
    Susan O. Hickey
    United States District Judge